UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS ANDERSON,<br><br>                    Plaintiff,<br><br>v.<br><br>BIOTIX INC., et al.,<br><br>                    Defendants. | Case No.:  25-cv-01330-AJB-DEBt<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT.**<br><br>(Doc. No. 26) |

Before the Court is Plaintiff Curtis Anderson's ("Anderson") Motion to Modify the Scheduling Order and for Leave to File Plaintiff's First Amended Complaint. (Doc. No. 26.) The motion is fully briefed. (Doc. Nos. 26, 28, 31, 32.) Pursuant to Local Civil Rule 7.1.d.1, the Court finds this motion suitable for disposition without oral argument.

Anderson has not established that good cause exists for his belated motion to modify the scheduling order. In turn, the Court does not reach the merits of Anderson's request for leave to file a first amended complaint. The Court thus **DENIES** Anderson's motion.

# I.    BACKGROUND

## A.    Factual Background

Defendant Biotix Inc. ("Biotix") employed Anderson between August 2008 and May 31, 2022. (Doc. No. 1-3 at 7, 11 ¶¶ 12, 31.)[1] Anderson earned a base salary of approximately $134,000 per year and was also entitled to certain commissions and bonuses. (*Id.* at 7 ¶ 13.) In 2022, Anderson complained to Biotix that he did not receive commission and bonus payments to which Anderson believed he was entitled. (*Id.* at 7–8 ¶¶ 16–21.) Around March 25, 2022, Anderson filed a complaint with Biotix's Human Resources department. (*Id.* at 7–8 ¶ 22.) On May 10, 2022, Biotix informed Anderson that Biotix would terminate Anderson's employment, effective May 31, 2022. (*Id.* at 11 ¶¶ 30–31.) Biotix only paid Anderson a portion of the commission and bonus to which Anderson believed he was entitled. (*See id.* at 8 ¶ 21.)

## B.    Procedural Background

On April 18, 2025, Anderson initiated this action in San Diego County Superior Court through a complaint identifying Josh D. Gruenberg and Joshua P. Pang as counsel. (*Id.* at 5–14.) Anderson effected service on Biotix on April 24, 2025. (*Id.* at 16.) Biotix timely removed the action to this Court on May 23, 2025. (Doc. No. 1.)

The Court held an early neutral evaluation and case management conference on August 27, 2025. (Doc. No. 11.) Samuel Rotshtein appeared as counsel for Anderson for the first time at the August 27, 2025 conference. (*See id.*)

The Court then entered a Scheduling Order requiring the parties to attend a January 7, 2026 mandatory settlement conference. (Doc. No. 12 ¶ 8.) The Scheduling Order also set an October 20, 2025 deadline for the parties to amend their pleadings. (*Id.* ¶ 2.)

After the mandatory settlement conference, the parties asked to amend the Scheduling Order's discovery deadlines twice. (Doc. Nos. 18; 24.) Both motions were

---

[1]    Page citations refer to the pagination generated by the Case Management/electronic Case Files system.

25-cv-01330-AJB-DEBt

granted. (Doc. Nos. 19; 25.) On February 26, 2026, Anderson moved for leave to modify the scheduling order and to file a first amended complaint. (Doc. No. 26.)

Neither Mr. Gruenberg nor Mr. Pang has withdrawn as Anderson's counsel.

## II.    LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

## III.    DISCUSSION

Anderson contends that good cause exists for the requested modifications because "the need for amendment arose during the course of the proceedings and Plaintiff acted diligently thereafter." (Doc. No. 26 at 8.)

Biotix does not respond directly to the issue of whether good cause exists for a modification. (*See generally* Doc. No. 28.) Nevertheless, Biotix indicates that Anderson knew or should have known of his Utah law-based claims since 2022. (*Id.* at 11.)

The Court finds that good cause does not exist for Anderson's requested scheduling order modification because Anderson has not acted diligently.

First, Anderson brushes past the issue of whether he or his counsel *should have known* about Anderson's Utah law-based claims at the outset of this litigation. (*See generally* Doc. No. 32 at 2–3.) Anderson has been represented by Mr. Gruenberg and Mr. Pang since the outset of this litigation. (*See* Doc. No. 1-3 at 14.) Mr. Rotshtein apparently joined as counsel after Biotix removed the action to federal court. (*See* Doc. No. 11.) Anderson's moving papers do not offer any explanation why neither Mr. Gruenberg nor

3

25-cv-01330-AJB-DEBt

Mr. Pang included Anderson's Utah law-based claims in the operative complaint. (*See generally* Doc. Nos. 26; 32.) Instead, it relies on Anderson's purported—yet unsubstantiated—ignorance of the law to justify his attorneys' failure to include such a claim. (Doc. No. 32 at 2–3 (claiming Biotix "does not establish that Plaintiff or his counsel recognized a choice-of-law problem").) To establish diligence, Anderson would have to show that neither Mr. Gruenberg nor Mr. Pang was aware of the Utah law-based claims from the beginning of this litigation. *See Johnson*, 975 F.2d at 609 (requiring movant to show that the deadline "cannot reasonably be met despite the [movant's] diligence") (citation omitted). He does not.

Second, setting aside whether Anderson's counsel should have known about the Utah law-based claims, the record belies Anderson's claim of diligence. Anderson explains that "the issue of extraterritorial application of California employment statutes applying to a Utah resident" was raised for the first time at the January 7, 2026 mandatory settlement conference. (Doc. No. 26 at 3.) However, Anderson did not move to modify the deadline to file amended pleadings until February 26, 2026—50 days later. (*See id.*)

Anderson makes no attempt to justify this 50-day gap. Anderson's counsel prepared a first amended complaint the very same day as the mandatory settlement conference. (Doc. No. 26-1 at 31–32 (January 7, 2026 email stating: "we intend to file the attached First Amended Complaint").) Anderson's counsel also requested Biotix's position on a "stipulation" that day. (*Id.*) On January 8, 2026, Biotix informed Anderson's counsel that Biotix would "oppose the filing of the First Amended Complaint." (*Id.* at 32–33.) Instead of moving immediately to amend the Scheduling Order and for leave to file the first amended complaint, Anderson and his counsel apparently chose to wait. In the intervening time, Anderson and Biotix twice moved jointly to amend the Scheduling Order. (Doc. Nos. 18; 24.) Neither of these motions asked to move the amended pleadings deadline. (*See generally* Doc. Nos. 18; 24.) Nor do Anderson's moving papers explain why he and his

25-cv-01330-AJB-DEBt

counsel could not concurrently prepare and file the present motion. (*See generally* Doc. Nos. 26; 32.)[2]

The Court thus finds that Anderson did not move diligently to modify the scheduling order. Absent diligence, "the motion should not be granted." *Zivkovic*, 302 F.3d at 1087.

## IV. CONCLUSION

For the foregoing reasons, Anderson's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 2, 2026

Hon. Anthony J. Battaglia
United States District Judge

---

[2] To the extent Anderson seeks to rely on Mr. Rotshtein's relative inexperience to justify the 50-day delay, such reliance is unavailing. The record indicates Mr. Rotshtein was the attorney responsible for researching the extraterritoriality issue and amending the complaint. (Doc. No. 26-1 at 3 ¶¶ 10–13.) In acknowledging a failure to comply with the Court's Civil Case Procedures, Mr. Rotshtein points out that he "is presently in his second year of practice and . . . has not participated substantively in federal litigation." (Doc. No. 32-1 ¶ 4.) But Mr. Rotshtein is not Anderson's only counsel in this matter. (*See, e.g.*, Doc. No. 1-3 at 14.) Any attempt by Mr. Rotshtein to jump on a grenade is thus negated by his senior co-counsels' actions that left him in the lurch.